# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

ANTONIO LABOY ALMODOVAR,

                Plaintiff,

v.

MS. AVILA, SARGENT HAIRWIG,
CAPTAIN HOWARD, and DR.
WILINSKI,

                Defendants.

Case No. 21-CV-1455-JPS

**ORDER**

Plaintiff Antonio Laboy Almodovar, a former prisoner at Sturtevant Transitional Facility, filed a pro se complaint challenging the conditions of his previous confinement. ECF No. 1. Along with his complaint, Plaintiff filed a motion to proceed without prepayment of the filing fee or *in forma pauperis.* ECF No. 2. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

1.    **MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

A party may submit to the court a request to proceed without prepaying the otherwise required filing fees, otherwise known as a motion to proceed *in forma pauperis.* Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.,* 105 F.3d 274, 275–76 (6th Cir. 1997) (superseded by rule on other, inapplicable grounds); *see also Mitchell v. Farcass,* 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [*in forma pauperis*] litigants—prisoners who pay fees on an installment

basis, prisoners who pay nothing, and nonprisoners in both categories.")
(Lay, J., concurring)).

In making such a request, a pro se litigant must submit an affidavit including a statement of all assets possessed by the litigant as well as stating the nature of the action and the affiant's belief that the person is entitled to redress. 28 U.S.C. § 1915(a). In order to qualify to proceed in forma pauperis, the pro se litigant need not be "absolutely destitute." *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). In forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc*. 461, F.2d 649, 651 (7th Cir. 1972).

Plaintiff submitted his financial information with his motion to proceed without prepayment of the filing fee. ECF No. 2. Based on his monthly expenses and income, the Court accepts that Plaintiff is indigent. The Court will accordingly grant the motion to proceed without prepayment of the filing fee. However, the inquiry does not end there; the Court must also screen the action.

## 2. SCREENING THE COMPLAINT

### 2.1 Screening Standard

When a plaintiff requests leave to proceed in forma pauperis, the Court must screen the complaint. *See* 28 U.S.C. § 1915(e)(2). If the court finds any of the following, then the "court shall dismiss the case": the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id.*

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### 2.2 Plaintiff's Allegations

Plaintiff names Ms. Avila ("Avila"), Sargent Hairwig ("Hairwig"), Captain Howard ("Howard"), and Dr. Wilinski ("Wilinski") as defendants. Based on the address listed in the complaint, Plaintiff's allegations appear to relate to his treatment when he was incarcerated at Sturtevant Transitional Facility. ECF No. 1 at 2.

On December 20, 2019, Plaintiff broke his tooth while eating popcorn. *Id.* at 2. Plaintiff's mouth was swollen and bleeding, but Hairwig did not help him. *Id.* Hairwig instead locked him in a holding cell. *Id.* The same thing happened the next day and Plaintiff fainted when Hairwig sent him to his cell. *Id.* When Hairwig came to Plaintiff's cell, Hairwig lifted Plaintiff by the arm, smacked him in the face, and said, "stop faking." *Id.*

Plaintiff returned from the hospital on December 21, 2019, and he again asked Hairwig for emergency treatment; Hairwig refused. *Id.* at 3. As a result, Plaintiff's mouth got infected, and the infection was going to his brain. *Id.* Plaintiff asked Hairwig, Avila, and all of the officers for help; no one would help him. *Id.*

On May 23, 2021, Hairwig wrote a conduct report on Plaintiff in retaliation for filing a complaint against him. *Id.* Plaintiff alleges retaliation because Wilinski illegally told Hairwig about Plaintiff's confidential medical information. *Id.* Plaintiff filed complaints against Hairwig, Howard, and Avila for retaliating against him for filing complaints when they tried to stick him "into the hole" and for lying about Plaintiff. *Id.*

### 2.3 Analysis

First, Plaintiff may proceed on an Eighth Amendment excessive force claim against Hairwig. The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Outlaw v.*

*Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). When a correctional officer is accused of using excessive force, the core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010). Several factors are relevant to this determination, including the need for force, the amount of force applied, the threat the officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury caused to the prisoner. *Hudson*, 503 U.S. at 7; *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004). Taking Plaintiff's allegations as true, Hairwig's conduct of grabbing Plaintiff and smacking him in the face when asking for medical help could be viewed as excessive force. As such, Plaintiff may proceed on an Eighth Amendment claim against Hairwig for excessive force.

Second, Plaintiff may proceed on an Eighth Amendment deliberate indifference claim against Hairwig, Howard, and Avila for their indifference to Plaintiff's serious medical need. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)).

The Court initially notes that Plaintiff does not specifically mention Howard in his allegations related to the refusal to provide medical care. Plaintiff does say "all of the officers," however, and the Court therefore liberally construes Plaintiff's allegations to include Howard as he was a Captain. Plaintiff alleges that he suffered an infection as a result of these defendants' failure to provide emergency care for his broken tooth. As such, at the pleading stage, the Court finds that Plaintiff sufficiently states an Eighth Amendment claim against Hairwig, Howard, and Avila for their deliberate indifference to a serious medical need.

Third, the Court finds that Plaintiff can proceed against Hairwig, Howard, and Avila on a First Amendment retaliation claim. To prevail on this claim, Plaintiff must ultimately show that: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014).

Here, Plaintiff alleges that these defendants retaliated against him for filing inmate grievances. It is well established that a prisoner's ability to file complaints is protected by the First Amendment. *See Hughes v. Scott*, 816 F.3d 955, 956 (7th Cir. 2016). As for the second element, he alleges suffering a deprivation—getting a false conduct report written on him and being placed "into the hole"—that, we can infer, would likely dissuade a person of ordinary firmness from exercising further First Amendment activity. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (prison transfer likely to deter First Amendment activity). Plaintiff alleges that these actions were done in retaliation for his First Amendment activity of filing grievances. At the pleading stage, the Court therefore finds these allegations sufficient to

Case 2:21-cv-01455-JPS   Filed 09/23/22   Page 6 of 9   Document 5

state a First Amendment retaliation claim against Hairwig, Howard, and Avila.

Finally, Plaintiff may not proceed on a Health Insurance Portability and Accountability Act of 1996 ("HIPAA") violation against Wilinski. HIPAA provides both civil and criminal penalties for improper disclosures of protected health information, but limits enforcement of the statute to the Secretary of Health and Human Services. 42 U.S.C. §§ 1320d–5(a)(l), 1320d–6. There is no express language conferring a private right or remedy for disclosure of confidential medical information. The Seventh Circuit Court of Appeals conclusively held, in *Stewart v. Parkview Hospital*, 940 F.3d 1013, 1015 (7th Cir. 2019), that HIPAA confers no private right of action. As such, Plaintiff cannot state a claim for a HIPAA violation, and the Court will accordingly dismiss Wilinski from this case.

**3.    CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Excessive force, in violation of the Eighth Amendment, against Hairwig;

**Claim Two:** Deliberate indifference to a serious medical need, in violation of the Eighth Amendment, against Hairwig, Howard, and Avila; and

**Claim Three:** Retaliation, in violation of the First Amendment, against Hairwig, Howard, and Avila.

Finally, the Court has enclosed with this Order a guide prepared by court staff to address common questions that arise in pro se cases. The guide is entitled, "Answers to Pro Se Litigants' Common Questions." It contains information that Plaintiff may find useful in prosecuting his case.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Wilinski be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on **Defendants Hairwig, Howard, and Avila**;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)).

Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guide entitled "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 23rd day of September, 2022.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge