# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANTONIO LABOY ALMODOVAR,**

 **Plaintiff,**

v.                    **Case No. 21-CV-1455**

**LISA AVILA*, et al.***

 **Defendants.**

## ORDER

  On November 7, 2022, the defendants filed a motion for summary judgment on the grounds that *pro se* plaintiff Antonio Laboy Almodovar failed to exhaust his administrative remedies. (ECF No. 16.) Pursuant to a Notice an Order issued by the court on December 2, 2022, Almodovar had until January 2, 2023, to respond to defendants' motion for summary judgment.

  The January 2, 2023, deadline has passed, and Almodovar still has not filed a response. As such, the court will construe the defendant's motion for summary judgment on exhaustion grounds as unopposed. The court has reviewed the defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that the defendants are entitled to summary judgment on the grounds that Almodovar failed to exhaust his administrative remedies. Specifically, Almodovar did not include allegations of deliberate indifference to medical needs and

retaliation in the relevant inmate complaints and he failed to file an appeal of the decision on one of his inmate complaints.

Accordingly, the defendants' motion is granted, and the claims against them are dismissed without prejudice. They are dismissed without prejudice because when a plaintiff brings a lawsuit prior to exhausting his administrative remedies, the suit is premature. *See Chambers v. Sood*, 959 F.3d 979, 984 (7th Cir. 2020) ("A premature lawsuit must be dismissed without prejudice, and the prisoner must file a new suit after fully exhausting his administrative remedies."). The case is dismissed.

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment on exhaustion grounds (ECF No. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court

cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 23rd day of February, 2023.

STEPHEN C. DRIES
United States Magistrate Judge